UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID DILLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 21-1267-CSB |
| | ) |
| DWAYNE COX and | ) |
| CHARLES CANNON, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Defendants' motion for summary judgment based on the issue of exhaustion of administrative remedies. As explained *infra*, Defendants are entitled to the summary judgment that they seek because the undisputed evidence shows that Plaintiff David Dillard failed to exhaust his administrative remedies properly prior to filing this suit as required by the Prison Litigation Reform Act.

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere

allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (Brennan, J., dissenting) (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

Initially, the Court notes that, despite being provided with a notice from the Court advising him of the consequences for failing to respond to the motion for summary judgment, Plaintiff has failed to respond to Defendants' motion for summary judgment, and the deadline for him to do so has now passed. As a result, Plaintiff has failed to submit any evidence with which to create a genuine issue of material fact sufficient to defeat Defendants' motion for summary judgment.

Local Rule 7.1(D)(2)(b)(6) provides that "[a] failure to respond to any numbered fact [contained within a motion for summary judgment] will be deemed an admission of the fact." *Id*. Therefore, Plaintiff has admitted all of the relevant facts that show that Defendants are entitled to summary judgment, and the Court incorporates those facts herein. *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010), *as revised* (July 19, 2010)(internal citations omitted)("At summary judgment, the plaintiffs filed an opposition to the defendants' motion but did not bother to respond to their statement of material facts. The district court thus accepted the defendants' statement of material facts as true. We do as well.").

Despite Plaintiff's failure to respond, the Court is cognizant that "[s]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion." *Boyd v. Habeck*, 2013 WL 518966, * 1 (E.D. Wis. Feb. 12, 2013)(citing Fed. R. Civ. Pro. 56(e) advisory committee note to 2010 amendments). Accordingly, the Court has reviewed the evidence submitted by Defendants in order to determine whether a genuine issue of material fact exists that would preclude summary judgment in Defendants' favor. The Court finds that no such disputed fact exists and that Defendants are entitled to judgment as a matter of law. *Abbot v. Gale*, 896 F.2d 323, 326 (8th Cir. 1990)(holding that where a defendant denies the allegations of the complaint and a plaintiff then fails "to respond with evidence in support of [her] claim," the court is justified in granting summary judgment).

With that in mind, the undisputed facts demonstrate the following. During the relevant time, Plaintiff was a detainee at the Peoria County Jail ("the Jail"). Defendant Dwayne Cox was a lieutenant at the Jail, and Charles Cannon was a correctional officer at the Jail.

Plaintiff filed this suit under 42 U.S.C. § 1983 on September 20, 2021, alleging a violation of his Constitutional rights. Thereafter, Plaintiff filed an amended complaint, and the Court determined that Plaintiff's Amended Complaint stated a claim against Lt. Cox and C/O Cannon for exerting excessive force against him in violation of his Fourteenth Amendment Due Process rights.

Defendants have now filed a motion for summary judgment on the basis that Plaintiff failed to exhaust properly his administrative remedies before he filed this suit against them. Further facts will be included *infra* as necessary.

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). Exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006)("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."); *Dole v. Chandler*, 43 F.3d 804, 809 (7th Cir. 2006).

4

No futility, sham, or substantial compliance exception exists to this requirement, and a plaintiff seeking only monetary damages for ongoing conditions must still utilize the grievance procedure in place before filing suit. *Massey*, 259 F.3d at 646 (inmate alleging failure to repair a hernia timely must exhaust administrative remedies even though surgery was performed and only money damages claim remained); *Booth v. Churner*, 532 U.S. 731, 736-37 (2001)(the PLRA requires administrative exhaustion even where grievance process does not permit award of money damages, if "some action" in response to a grievance can be taken). Likewise, the exhaustion requirement includes claims that only seek equitable relief. *Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995).

Exhaustion means properly and timely taking each step in the administrative process established by the applicable procedures. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)(failure to file timely administrative appeal constitutes failure to exhaust administrative remedies and bars a § 1983 suit). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, the prisoner must utilize that administrative system before filing a claim." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). A dismissal for failure to exhaust is without prejudice, so reinstatement is not barred unless the time for exhaustion has expired. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

If issues of fact exist in determining whether an inmate has exhausted his administrative remedies, a judge should hold a hearing and resolve these factual disputes. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). The Court is permitted to make findings of fact and credibility assessments of witnesses at such an evidentiary

5

hearing. *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). If the Court finds that the prisoner exhausted his administrative remedies, "the case will proceed to pretrial discovery, and if necessary a trial, on the merits." *Pavey*, 544 F.3d at 742. If the Court finds that the prisoner did not exhaust his administrative remedies, the Court determines whether: (a) the plaintiff has unexhausted remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. *Id*. No evidentiary hearing is necessary, however, if there are "no disputed facts regarding exhaustion" and "only a legal question" is presented. *Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

As noted *supra*, Plaintiff has failed to respond to Defendants' motion, and therefore, he has admitted all of the relevant, material facts demonstrating that he failed to exhaust his administrative remedies against Defendants before he filed this suit as required by the PLRA. The undisputed facts show that the Jail maintained an administrative process for addressing complaints by inmates such as Plaintiff. According to this process, an inmate must file a grievance within five days after the occurrence of the event that gives rise to his grievance. Thereafter, the inmate must appeal the denial of his grievance to the Jail's Superintendent. After the resolution of this appeal to the Jail's Superintendent, the inmate's administrative review process is complete.

Plaintiff failed to submit a timely grievance about the incident that formed the basis of this lawsuit. In fact, Plaintiff did not file a grievances through the Jail's kiosk system (as required by the Jail's administrative review process) until nearly five months after this alleged incident occurred. Plaintiff even admitted in his Complaint that he did not submit a timely grievance related to the complained of incident, nor did he report the occurrence to any Jail official. Although he claims that he did not have access to a kiosk, the undisputed facts (which, again, Plaintiff has not rebuffed) show that Plaintiff had access to the Jail's kiosk at least one hour per day, on each day of his detention in 2021.

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. "[A] prisoner who does not properly take each stop within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Id*. "[P]ursuing a premature, procedurally flawed grievance through the entire administrative process does not constitute exhaustion. The rules governing the filing and prosecution of a grievance, including the appeal, must be followed to achieve exhaustion; substantial compliance is insufficient." *Wilder v. Sutton*, 2008 WL 515506, * 9 (S.D. Ill. Feb. 22, 2008)(citing *Lewis v. Washington* 300 F.3d 829, 833-834 (7th Cir. 2002)).

The undisputed evidence demonstrates that Plaintiff did not properly exhaust his administrative remedies prior to filing this suit. A prison's administrative remedy is not designed, necessarily, to prevent an injury. Instead, prisons and jails institute an administrative remedy for inmates to use in order to alert prison officials to any problems that may be occurring so action can be taken to remedy the problems. *Maddox*

*v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). By failing to file a proper grievance, Plaintiff deprived Defendants of the opportunity to remedy Plaintiff's problem. Therefore, this case must be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED:**

**1.     Defendants' motion for summary judgment [28] is GRANTED. Accordingly, the Clerk of the Court is directed to enter judgment, without prejudice, in all Defendants' favor and against Plaintiff. All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.**

**2.     If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

**3.     If he wishes to proceed** *in forma pauperis* **on appeal, Plaintiff's motion for leave to appeal** *in forma pauperis* **must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c);** *Celske v. Edwards***, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith.");** *Walker v. O'Brien***, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a**

good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If he chooses to appeal, Plaintiff will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

Entered this 6th day of March, 2023

                                                      /s Colin S. Bruce
                                                      COLIN S. BRUCE
                                       UNITED STATES DISTRICT JUDGE